The Honorable James L. Robart



# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BRENT CHAN and DIEN LUU, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO BANK, N.A.,<br><br>Defendant. | No. 2:11-cv-00871-JLR<br><br>[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT; PRELIMINARILY CERTIFYING SETTLEMENT CLASS; ORDERING CLASS NOTICE; SETTING SCHEDULE |

WHEREAS, Plaintiffs Brent Chan and Dien Luu ("Plaintiffs") in this action entitled *Chan et al. v. Wells Fargo Home Mortgage*, Case No. 2:11-cv-00871-JLR (W.D. Wash.) (the "Litigation") and Defendant Wells Fargo Home Mortgage ("Wells Fargo" or "Defendant," collectively, the "Parties") have entered into the Joint Stipulation of Settlement and Release of Claims, filed with the Court on May 11, 2015 (the "Stipulation"), after arms-length settlement discussions with the assistance of a mediator;

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT; PRELIMINARILY CERTIFYING
SETTLEMENT CLASS; ORDERING CLASS NOTICE;
SETTING SCHEDULE
(2:11-cv-00871-JLR) - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

WHEREAS, the Court has received and considered the Stipulation and the accompanying exhibits, including the allocation formula set out in Exhibit C to the Stipulation (the "Proposed Plan of Allocation");

WHEREAS, Plaintiffs have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an Order preliminarily approving the settlement of this Litigation upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Court has reviewed the Plaintiffs' application for such Order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

I.   THE SETTLEMENT CLASS IS PRELIMINARILY CERTIFIED

1.   All defined terms contained herein shall have the same meanings as set forth in the Stipulation.

2.   The Plaintiffs have requested for settlement purposes only that the Court certify a Settlement Class. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby preliminarily certifies this Litigation as a class action on behalf of the following Settlement Class:

> Home Mortgage Consultants, Mortgage Consultants, Mortgage Loan Officers, Private Mortgage Bankers, and similarly titled employees (collectively "HMCs") employed by Wells Fargo in Washington State between April 12, 2008 and March 26, 2011, excluding those who opted into the nationwide FLSA case.

3.   With respect to the Settlement Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual members of the Settlement Class in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT; PRELIMINARILY CERTIFYING
SETTLEMENT CLASS; ORDERING CLASS NOTICE;
SETTING SCHEDULE
(2:11-cv-00871-JLR) - 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Representatives and Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Plaintiffs Brent Chan and Dien Luu as Settlement Class Representatives of the Settlement Class.

5. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Tana Lin of Keller Rohrback, L.L.P. and Tim Pauley of Pauley Law Group, pllc as Settlement Class Counsel to represent the Settlement Class Members.

## II. THE STIPULATION IS PRELIMINARILY APPROVED AND FINAL APPROVAL SCHEDULE SET

6. The Court hereby preliminarily approves the Settlement and the terms and conditions of Settlement set forth in the Stipulation, subject to further consideration at the Final Fairness Hearing described below.

7. The Court conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement, including Plaintiffs' Proposed Plan of Allocation, and hereby finds that the Settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed Settlement as set forth in the Stipulation and Plaintiffs' Proposed Plan of Allocation. This Order hereby adopts Plaintiffs' Proposed Plan of Allocation and incorporates it as if fully set forth herein.

8. Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a final approving hearing (the "Final Fairness Hearing") on October 1, 2015 [at least 125 days from the entry of this Preliminary Approval Order], at 9:00, a.m./p.m., before the Honorable James L. Robart in Courtroom 14106 of the United States District Court for the

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT; PRELIMINARILY CERTIFYING
SETTLEMENT CLASS; ORDERING CLASS NOTICE;
SETTING SCHEDULE
(2:11-cv-00871-JLR) - 3

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   Western District of Washington, 700 Stewart Street, Seattle, Washington 98101 - 9906, for the
2   following purposes:

3       a.    finally determining whether the Settlement Class meets all applicable
4   requirements of Federal Rule of Civil Procedure 23 and, thus, the Settlement Class claims should
5   be certified for purposes of effectuating the Settlement;

6       b.    determining whether the proposed Settlement of the Litigation, including
7   but not limited to the amount of the Settlement Fund and the release by the Settlement Class
8   Members of the Released Claims, on the terms and conditions provided for in the Stipulation and
9   Plaintiffs' Proposed Plan of Allocation is fair, reasonable and adequate and should be approved
10  by the Court;

11      c.    considering the application of Settlement Class Counsel for an attorneys'
12  fee, cost and expense award for themselves as provided for under the Stipulation;

13      d.    considering the application of Plaintiffs for Service Awards for serving as
14  Settlement Class Representatives, as provided for under the Stipulation;

15      e.    considering whether the Court should enter the [Proposed] Final Judgment
16  and Order of Dismissal;

17      f.    ruling upon such other matters as the Court may deem just and
18  appropriate.

19  9.    The Court may adjourn the Final Fairness Hearing and later reconvene such
20  hearing at a later date without further notice to the Settlement Class Members.

21  10.    The Parties may further modify the Stipulation prior to the Final Fairness Hearing
22  so long as such modifications do not materially change the terms of the Settlement provided
23  thereunder. The Court may approve the Settlement set forth in the Stipulation with such
24  modifications as may be agreed to by the Parties, if appropriate, without further notice to
25  members of the Settlement Class.

26

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT; PRELIMINARILY CERTIFYING
SETTLEMENT CLASS; ORDERING CLASS NOTICE;
SETTING SCHEDULE
(2:11-cv-00871-JLR) - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

11. Opening papers, including Plaintiffs' motion, in support of final approval of the Settlement and any application for an attorneys' fee, cost and expense award and/or Settlement Class Representative Service Awards must be filed with the Court and served no later than August 12, 2015 [50 days prior to the Final Fairness Hearing].

12. Any Objections to the proposed Settlement must be postmarked no later than August 27, 2015 [35 days prior to the Final Fairness Hearing], including any memorandum and/or submissions in support of said Objection, which deadline will be set forth in the Class Notice.

13. Plaintiffs' replies to any Objections and any supplemental papers in support of final approval of the Settlement, or the request for attorneys' fees, expenses or Service Awards must be filed with this Court no later than September 24, 2015 [7 days before the Final Fairness Hearing].

### III. THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

14. The Court approves, as to form and content (or as may be amended by the Court), the proposed Notice of Class Action Settlement (the "Class Notice"), which is attached hereto as Exhibit __A__ to this Order.

15. The Court finds that the proposed method for giving mailed notice of the Settlement to the members of the Settlement Class, as set forth in this Order and the Stipulation of Settlement, meets the requirements of Federal Rule of Civil Procedure 23 and requirements of state and federal due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. The Court authorizes the parties to make minor revisions to the Class Notice as they may jointly deem necessary or appropriate, without necessity of further Court action or approval.

16. The Court approves the designation of Rust Consulting to serve as the Court-appointed class action Settlement Administrator for the Settlement. The Settlement Administrator shall disseminate the Class Notice and supervise and carry out the notice

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT; PRELIMINARILY CERTIFYING SETTLEMENT CLASS; ORDERING CLASS NOTICE; SETTING SCHEDULE
(2:11-cv-00871-JLR) - 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  procedure, the processing of claims and other administrative functions, and shall respond to
2  inquiries from members of the Settlement Class, as set forth in the Stipulation and this Order
3  under the direction and supervision of the Court.

4      17.    The Court directs the Settlement Administrator to establish a Settlement Website
5  no later than June 28, 2015 [30 days after the Court enters this Preliminary Approval Order],
6  making available copies of this Order, the Class Notice, and Claim Forms that may be
7  downloaded and submitted online or by mail, the Stipulation and all Exhibits thereto, frequently
8  asked questions, a toll-free hotline, and such other information as may be of assistance to
9  members of the Settlement Class or required under the Stipulation. The Claim Form shall be
10  made available to members of the Settlement Class through the Settlement Website no later than
11  June 28, 2015 [30 days after the Court enters this Preliminary Approval Order], and
12  continuously thereafter through the Claim Deadline.

13      18.    The Settlement Administrator is ordered to disseminate the Class Notice as set
14  forth in the Stipulation no later than June 28, 2015 [30 days after the Court enters this
15  Preliminary Approval Order]. The Settlement Administrator is ordered to re-mail Class Notices
16  returned as undeliverable no later than August 27, 2015 [60 days after the mailing of the
17  initial Class Notice] if an updated address is located as set forth in the Stipulation by that date.

18  IV.    PROCEDURE FOR SETTLEMENT CLASS MEMBERS TO PARTICIPATE IN THE SETTLEMENT

19      19.    All Settlement Class Members (defined as a member of the Settlement Class who
20  has not been properly excluded from the Settlement Class) shall be bound by all determinations
21  and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to
22  the Settlement Class.

23      20.    The Court has considered and approved Plaintiffs' Proposed Plan of Allocation.
24  The Court approves as to form and content the proposed form of the Claim Form for Settlement
25  Class Members desiring to submit a Claim for Settlement Relief. Any Settlement Class Member

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT; PRELIMINARILY CERTIFYING
SETTLEMENT CLASS; ORDERING CLASS NOTICE;
SETTING SCHEDULE
(2:11-cv-00871-JLR) - 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

> To the extent a Notice is returned as undeliverable, Claims Forms and requests for exclusion for such Class Members are due no later than September 16, 2015, absent a showing of special circumstances. (See Lin Decl. (Dkt. #42) Ex. A. ¶ 5.3.) /s/ JLR

1. who wishes to receive Settlement Relief shall complete the Claim Form in accordance with the instructions contained therein, and the Claim Form shall be postmarked or submitted on line to the Settlement Administrator no later than **August 27**, 2015 [60 days after mailing of the Class Notice]. Such deadline may be further extended without notice to the Settlement Class by Court Order. Settlement Class Members who do not complete the Claim Form are still entitled to Settlement Relief as provided in Plaintiffs' Proposed Plan of Allocation.

21. The Settlement Administrator shall have the authority to accept or reject Claims in accordance with the Stipulation, including Plaintiffs' Proposed Plan of Allocation.

22. Any Settlement Class Member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel as set forth in the Class Notice no later than **September 1**, 2015 [30 days prior to the Final Fairness Hearing]. All Settlement Class Members who do not enter an appearance will be represented by Settlement Class Counsel.

### V. PROCEDURE FOR REQUESTING EXCLUSION FROM THE CLASS

23. Any Person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class. Any such Person must submit a completed request for exclusion to the Settlement Administrator postmarked no later than **August 27**, 2015 [60 days after the mailing of the Class Notice] (the "Exclusion Deadline"), as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

24. Any member of the Settlement Class who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked on or before the Exclusion Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all prior and subsequent proceedings, orders, and judgments of the Court in this Litigation and by the terms of the Settlement, if finally approved by the Court. The written request for exclusion must include the full name, address and signature of the member of the Settlement Class and specifically state he/she wants to be excluded from the *Chan, et al. v. Wells Fargo Home*

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT; PRELIMINARILY CERTIFYING
SETTLEMENT CLASS; ORDERING CLASS NOTICE;
SETTING SCHEDULE
(2:11-cv-00871-JLR) - 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1 *Mortgage* Settlement Class. All Persons falling within the definition of the Settlement Class who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

25.     A list reflecting all requests for exclusions shall be filed with the Court by Plaintiffs at or before the Final Fairness Hearing.

## VI. PROCEDURE FOR OBJECTING TO THE SETTLEMENT

26.     Any Settlement Class Member who desires to object either to the Settlement, the request for attorneys' fees or expenses, or Class Representative Service Awards must timely file with the Clerk of this Court their Objection(s) and proof of membership in the Class and the grounds for such objections, together with all papers that the Settlement Class Member desires to submit to the Court no later than August 27, 2015 [35 days prior to the Final Fairness Hearing] (the "Objection Deadline"). The Court will consider such Objection(s) and papers only if such papers are filed with the Court by, postmarked by or received on or before the Objection Deadline provided in the Class Notice, by the Clerk of the Court, U.S. District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, Washington 98101.

27.     All Objections and supporting papers must be in writing and must: (1) clearly identify the case name and number "*Chan et al. v. Wells Fargo Home Mortgage*, Case No. 2:11-cv-00871-JLR"; (2) be filed or postmarked on or before the Objection Deadline; (3) set forth the objecting Settlement Class Member's full name, current address, and current telephone number; (4) state the objecting Settlement Class Member's employee ID number; (5) set forth a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; (6) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with the Objection; (7) provide copies of all documents that the objector wishes to submit in support of his/her position; (8) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the objector; and (9) state the name, court, and

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT; PRELIMINARILY CERTIFYING
SETTLEMENT CLASS; ORDERING CLASS NOTICE;
SETTING SCHEDULE
(2:11-cv-00871-JLR) - 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  docket number of every class action litigation in which the objecting Settlement Class Member
2  and/or the objector's attorney(s) has previously appeared as an objector or provided legal
3  assistance with respect to an objection; and (10) include the objecting Settlement Class
4  Member's signature. All attorneys representing an objector must enter their appearance with the
5  Court no later than September 1, 2015 [30 days prior to the Final Fairness Hearing].

6  28.  All Objections must be filed with or mailed to the Clerk as set forth above no later
7  than the Objection Deadline. Objections received after the Objection Deadline will not be
8  considered at the Final Fairness Hearing.

9  29.  Attendance at the Final Fairness Hearing is not necessary; however, any
10 Settlement Class Member wishing to be heard orally in person (or through his or her attorney) at
11 the Final Fairness Hearing with respect to approval of the Settlement, the application for the
12 attorneys' fees and expenses, or the application for Class Representative Service Awards, is
13 required to provide written notice of their intention to appear at the Final Fairness Hearing to the
14 Clerk of Courts, Settlement Class Counsel, and Defendant's Counsel at the addresses set forth in
15 the Class Notice no later than September 1, 2015 [30 days prior to the Final Fairness
16 Hearing] as set forth in the Class Notice. Settlement Class Members who do not oppose the
17 Settlement, the applications for the attorneys' fee and expenses, or Class Representative Service
18 Awards need not take any action to indicate their approval. A Settlement Class Member's failure
19 to submit a written objection in accordance with the Objection Deadline and the procedure set
20 forth in the Class Notice waives any rights the Settlement Class Member may have to object to
21 the Settlement, award of attorneys' fee and expense, or Class Representative Service Awards, or
22 to appeal or seek other review of the Final Judgment and Order of Dismissal.

23 30.  Settlement Class Members who object shall make themselves available for
24 deposition by Settlement Class Counsel and/or Defendant's Counsel between the time the
25 objection is filed and the date of the Final Fairness Hearing. Each objection must include two
26 weekday non-holiday dates between seven (7) and twenty-one (21) days prior to the day of the

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT; PRELIMINARILY CERTIFYING
SETTLEMENT CLASS; ORDERING CLASS NOTICE;
SETTING SCHEDULE
(2:11-cv-00871-JLR) - 9

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Final Fairness Hearing when the objecting Settlement Class Member will be available to present for his/her deposition by Settlement Class Counsel and/or Defendant's Counsel who may depose the objector on one or those dates for no more than 7 hours.

31. If the Settlement and Stipulation are finally approved, the Court shall enter a Final Judgment and Order of Dismissal approving the Stipulation. Said Final Judgment and Order of Dismissal shall be fully binding with respect to all members of the Settlement Class who did not request exclusion by the date set in the Class Notice, in accordance with the terms of the Class Notice and the Stipulation.

32. If the Settlement and Stipulation are not finally approved, are not upheld on appeal, or are otherwise terminated for any reason, the Stipulation and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by an party of any fact, matter, or position of law; all parties shall stand in the same procedural position as if the Settlement and Stipulation had not been negotiated, made, or filed with the Court.

33. All discovery, pretrial deadlines and other pretrial proceedings in this Litigation are stayed and suspended until further order of this Court, except as otherwise agreed to by the Parties or as may be necessary to implement the Stipulation or this Order.

34. The Court shall retain continuing jurisdiction over the Litigation, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Stipulation.

Dated: _May 29_, 2015.

_____
THE HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT; PRELIMINARILY CERTIFYING
SETTLEMENT CLASS; ORDERING CLASS NOTICE;
SETTING SCHEDULE
(2:11-cv-00871-JLR) - 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENT K. CHAN and DIEN LUU, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, INC.,<br><br>Defendant. | Case No. 2:11-CV-00871 JLR<br><br>Judge James L. Robart |

**To:** ALL PERSONS WHO WORKED FOR WELLS FARGO AND/OR WACHOVIA AS A HOME MORTGAGE CONSULTANT ("HMC"), MORTGAGE CONSULTANT ("MC"), AND/OR PRIVATE MORTGAGE BANKER ("PMB") (COLLECTIVELY "LOAN OFFICERS") IN THE STATE OF WASHINGTON BETWEEN APRIL 12, 2008 AND MARCH 26, 2011, EXCLUDING LOAN OFFICERS WHO OPTED-IN TO THE MDL ACTION (AS DEFINED BELOW)

### PLEASE READ THIS NOTICE CAREFULLY

Please read this notice carefully. This notice relates to a proposed settlement of class action litigation. If you are a class member, it contains important information about your right to make a claim for settlement payment.

### IMPORTANT DEADLINES

- **Last Day to submit a Claim Form to participate in the Settlement:**

- **Last Day to file a Request for Exclusion from the Settlement:**

- **Last Day to file an Objection to the Settlement:**

- **Final Fairness Hearing:** at .m.

### WHAT IS A CLASS ACTION?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit asserting claims on behalf of the entire class.

NOTICE OF PENDENCY OF CLASS ACTION; PROPOSED SETTLEMENT; AND HEARING

1

In this case, the class consists of all individuals who were employed as Home Mortgage Consultants ("HMCs"), Mortgage Consultants ("MC") and/or Private Mortgage Bankers ("PMBs") (collectively "Loan Officers") in the state of Washington between April 12, 2008 and March 26, 2011 ("Class Members") excluding Loan Officers who opted-in to the MDL Action.

## WHAT IS THE PURPOSE OF THIS NOTICE?

The Court has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you:

- Of your potential right to a settlement payment under the Settlement;

- That the Court has certified a class action for the purposes of this Settlement and that if you do not request to be excluded from the Settlement, you will be bound by the terms of the Settlement and Release;

- Of your right to file objections to the Settlement.

## WHAT IS THIS CASE ABOUT?

On April 12, 2011, Plaintiffs Brent Chan and Dien Luu ("Named Plaintiffs" or "Class Representatives") filed this class action lawsuit in the Superior Court of King County, State of Washington, on behalf of themselves and other current and former Loan Officers who worked for Defendant at any time within the three years prior to the filing of their lawsuit. On May 24, 2011, Wells Fargo timely removed the case to the U.S. District Court for the Western District of Washington, where it is entitled *Chan, et al. v. Wells Fargo Home Mortgage* and is pending as Case No. 2:11-CV-00871 JLR. The lawsuit alleges that Defendant violated the Washington Minimum Wage Act ("WMWA") by improperly designating Loan Officers as "exempt" from overtime pay and violating Washington regulations by failing to provide meal and rest breaks ("Misclassification Claims"); and that Defendant made unlawful deductions of third party fees from wages related to the calculation of commissions ("Deductions Claims"). The lawsuit seeks overtime pay and other relief on behalf of these Loan Officers. Defendant denies these allegations and denies that it violated the law in any way.

On or about September 2, 2011, the U.S. Judicial Panel on Multidistrict Litigation transferred this action to the United States District Court for the Southern District of Texas to be coordinated with other cases as a multi-district litigation entitled *In Re: Wells Fargo Wage and Hour Employment Practices Litigation (No. III)* ("MDL Action"). On August 10, 2012, the Court in the MDL Action conditionally certified a Fair Labor Standards Act ("FLSA") collective action based on alleged violations of the FLSA. On or about June 12, 2013, a Notice of Collective Action was mailed to current and former Loan Officers employed by Defendant nationwide between February 11, 2008 and March 31, 2011. Loan Officers who filed Consent Forms to opt-in to the MDL Action became FLSA Collective Action Members. On April 4, 2014, the Court in the MDL Action entered final approval of settlement on behalf of FLSA Collective Action Members. On May 21, 2014, this lawsuit was remanded back this Court for further proceedings. Loan Officers who opted-in to the MDL Action and received a settlement payment in that action are not part of this Settlement.

NOTICE OF PENDENCY OF CLASS ACTION; PROPOSED SETTLEMENT; AND HEARING

2

## WHAT ARE THE TERMS OF THE SETTLEMENT?

The parties have agreed to settle this matter for a maximum of One Million Three Hundred Twenty Thousand Dollars and No Cents ($1,320,000) (including Class Counsel's fees and costs, Settlement Administrator costs, and Service Awards for the Named Plaintiffs who commenced this Lawsuit).

## MONETARY PAYMENT

If the Settlement is given final approval by the Court, Defendant will pay up to a maximum of One Million Three Hundred Twenty Thousand Dollars and No Cents ($1,320,000) ("Maximum Gross Settlement Amount"). Subject to the Court's approval, the following deductions will be against the Maximum Gross Settlement Amount ("MGSA"):

a. Service Award: If the Court approves such payment, Fifteen Thousand Dollars and No Cents ($15,000.00) will be paid out to Named Plaintiffs Brent Chan and Dien Luu. This payment is being sought to compensate Named Plaintiffs for their time, effort and burden in prosecuting this case on behalf of Class Members.
b. Attorneys' Fees: Class Counsel will apply to the Court for attorneys' fees up to thirty percent (30%) of the MGSA, which amounts to a maximum of Three Hundred Ninety-Six Thousand Dollars and No Cents ($396,000). This amount will be requested given the significant number of hours that Class Counsel spent in pursuing this case on behalf of the Class Members, the risks that Class Counsel took that no fees would be recovered, and the result achieved for the Class Members.
c. Attorneys' Costs: Class Counsel will apply to the Court for costs not to exceed Thirty Thousand dollars ($30,000) to compensate Class Counsel for costs incurred in pursuing this case on behalf of the Class Members.
d. Settlement Administrator's Costs: Rust Consulting, Inc. has been hired to handle the administration of class notice, claims, and distribution of Individual Payments to Class Members. Class Counsel will make an application to the Court for the Settlement Administrator's Costs which currently are estimated to total Twenty Thousand Dollars ($20,000).

The Maximum Net Settlement Amount ("MNSA") will be MGSA minus the deductions above (a-d), as approved by the Court. Individual Payments will be distributed from the MNSA to Class Members who do not request to be excluded from the Settlement ("Qualified Class Members") on a claims-made basis, as set forth below.

## SETTLEMENT FORMULA

All Qualified Class Members will receive a minimum payment of One Hundred Dollars and No Cents ($100.00) regardless of whether the Qualified Class Member files a Claim Form.

Further Individual Payments will be made to Qualified Class Members on a claims-made basis. **To receive an additional Individual Payment, a Qualified Class Member must submit a timely and valid Claim Form.** All Claim Forms must be signed under penalty of perjury and completed in their entirety to be considered valid.

The Individual Payment allocated to each Qualified Class Member who submits a timely and valid Claim Form will be determined by using a settlement allocation formula taking into account time worked during the Misclassification Claims Relief Period (April 12, 2008 through March 26, 2011), earnings during the Misclassification Claim Relief Period, and dollar amounts for the uncollected costs of credit reports and appraisals that were included in the formula for calculating the Qualified Class Member's commissions during the Deductions Claim Relief Period (April 12, 2005 through September 30, 2014). Based on information to be provided by Defendant, the Settlement Administrator will calculate each Qualified Class Member's Individual Payment based on this information.

The Individual Payment of each Qualified Class Member who submits a timely and valid Claim Form will be (a) $100.00, plus (b) the Qualified Class Member's Misclassification Claim Points multiplied by the Net Misclassification Claim Share Per Point, plus (c) the Qualified Class Member's Deductions Claim Points multiplied by the Net Deductions Claim Share Per Point.

Each Qualified Class Member's Misclassification Claim Points will be calculated by multiplying the Qualified Class Member's total months worked as a Loan Officer during the Misclassification Claim Relief Period times the Qualified Class Member's average monthly earnings as a Loan Officer during that period. The Net Misclassification Claim Share Per Point will be calculated by taking the Net Settlement Amount (less the $100 payments), multiplying that by 80%, and dividing the result by the combined Misclassification Claim Points for all Qualified Class Members. Each Qualified Class Member's Deductions Claim Points will be calculated by totaling the dollar amounts of uncollected costs of credit reports and appraisals that were included in the formula for calculating the Qualified Class Member's commissions during the Deductions Claim Relief Period. The Net Deductions Claim Share Per Point will be calculated by taking the Net Settlement Amount (less the $100 payments), multiplying that by 20%, and dividing the result by the combined Deductions Claim Points for all Qualified Class Members. Points will be used to determine each Qualified Class Member's pro rata share of the Net Settlement Amount.

For a full explanation of the Individual Payment formula, please see Plaintiffs' Motion for Preliminary Approval at pages \*\*\* and the Allocation Formula for Class Members attached as Exhibit C to the Proposed Joint Stipulation of Settlement and Release of Claims, both of which are available at www.\*\*\*.

### CALCULATIONS BASED ON DEFENDANT'S RECORDS

For each Qualified Class Member submitting a timely and valid Claim Form, the amount payable to the Qualified Class Member will be calculated by the Settlement Administrator from Defendant's records. Defendant's records will be presumed correct with respect to the dates worked as a Loan Officer, the Qualified Class Member's earnings as a Loan Officer, and the amounts of uncollected credit report and appraisal costs.

If a Qualified Class Member **disputes** the accuracy of Defendant's records as to the dates he or she worked for Defendant as a Loan Officer during the Class Period and/or his or her earnings as a Loan Officer during the Class Period, the Qualified Class Member must submit documentation in writing (i.e., pay stubs, offer letter, resignation letter, performance evaluations,

W2's etc...) supporting his or her position to the Settlement Administrator at the same time he or she mails his or her Claim Form to the Settlement Administrator.

## TAX TREATMENT

For tax purposes, half of the payment will be considered back wages subject to lawful deductions and W-2 reporting and half will be considered liquidated damages and interest subject to 1099 reporting. Each Qualified Class Member who filed a Claim Form and is sent a settlement payment check will be issued an IRS Form W-2 for that portion of the Qualified Class Member's settlement payment which is being treated as wages. For this amount, normal payroll taxes and withholdings will be deducted pursuant to state and federal law. Each Qualified Class Member who filed a Claim Form and was sent a check will be issued an IRS Form 1099 for the remaining portion of the Qualified Class Member's settlement payment which is being treated as liquidated damages and interest. Other than the employer's portion of payroll taxes and withholdings, Qualified Class Members are responsible for the appropriate payment of any federal, state and/or local income or employment taxes on the payments they receive.

## DISMISSAL OF CASE AND RELEASE OF CLAIMS

In exchange for the payment set forth above, this action will be dismissed with prejudice, and the Qualified Class Members (excepting only those who file a Request for Exclusion) will fully release and discharge Defendant and all Released Entities from each of the claims alleged in the *Chan* Complaint and any claims derived from or based upon or related to or arising out of the same factual predicate of the *Chan* Complaint, whether known or unknown, that exist in their favor through December 15, 2014 ("Released Claims"). The Released Claims include all claims, asserted or unasserted, by the Named Plaintiff and Qualified Class Members arising before December 15, 2014, whether in the nature of claims for damages, double damages, liquidated damages, punitive damages, minimum wages and/or overtime pay, commissions, interest, attorneys' fees, costs or injunctive relief or other penalties or remedies that were or could have been asserted out of, relating to, or in connection with any type of actual or alleged violation of any wage and hour, wage or contract laws asserted in the *Chan* Complaint, or that arise from the same factual predicate, whether known or unknown, and whether under the Washington Minimum Wage Act, other Washington statutes or regulations related to wages, contract law, the Fair Labor Standards Act or other state wage and hour laws.

## WHAT ARE YOUR OPTIONS AS A CLASS MEMBER?

You have several options. Make sure you read this section carefully.

**1. Submit a Claim and Participate in the Settlement:**

**To get more than $100 from the settlement, you must complete the enclosed Claim Form, sign it under penalty of perjury, date it, and mail it to the Settlement Administrator.**

**The Claim Form must be postmarked no later than _____, 2015 [60 days after mailing of this Notice]. If your Claim Form is postmarked after _____, 2015 [60 days after mailing of this Notice], your payment will be limited to $100, but you will be bound by the Release and all other terms of the Settlement.**

NOTICE OF PENDENCY OF CLASS ACTION; PROPOSED SETTLEMENT; AND HEARING

5

If you lose, misplace, or need another Claim Form, you should contact the Settlement Administrator immediately.

2. **Request Exclusion From the Settlement:**

If you do not want to participate in the Settlement, or if you want the right to pursue your own lawsuit, you must request to be excluded from the Settlement. If you do not request to be excluded, you will be bound by the terms of the Settlement. **Any such written request for exclusion must be postmarked no later than _____, 2015 [60 days after the mailing of this Notice]. If you submit a request for exclusion that is postmarked after _____, 2015 [60 days after mailing of this Notice], your request for exclusion will be rejected, and you will be bound by the Release and all other terms of the Settlement. If you request exclusion from the Settlement, you cannot object to the Settlement.**

To request exclusion you must send a signed letter to the Settlement Administrator at the address below which includes your name (and, if applicable, former name), current address, current telephone number, and a statement that you are requesting to be excluded from the Settlement in *Chan v. Wells Fargo*

> Settlement Administrator
> Rust Consulting
> [INSERT ADDRESS]

Should you request exclusion from the Settlement, you are permitted to retract the request for exclusion by submitting a signed letter to the Settlement Administrator, which includes your name (and, if applicable, former name), current address, current telephone number, and a statement that you wish to withdraw your request for exclusion from the Settlement in *Chan v. Wells Fargo*, so as to be received no later than _____ [Ten (10) Calendar Days Prior to Final Approval and Fairness Hearing].

3. **Object to the Settlement:**

If you are a Class Member, you can ask the Court to deny approval of the Settlement by filing an Objection. **You can't ask the Court to order a larger settlement or change the terms of the Settlement; the Court can only approve or deny the Settlement**. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the Settlement by filing your objection in writing with the clerk of the Court or mailing your objection to the address below:

> Clerk of Court for the Western District of Washington
> U.S. District Court Clerk's Office
> 700 Stewart Street, Suite 2310
> Seattle, Washington 98101

NOTICE OF PENDENCY OF CLASS ACTION; PROPOSED SETTLEMENT; AND HEARING

**No Class Member's objections shall be heard nor shall any Class Member's papers or briefs be received or considered by the Court at the Settlement Hearing unless all objections, papers, or briefs are filed with the Court by, or mailed to the clerk of the Court at the address shown above and postmarked no later than, _____, 2015 [60 days after the mailing of this Notice].** All such objections must : (1) contain your full name, current address, current telephone number, and employee ID; (2) clearly identify the name of the case, *Chan v. Wells Fargo,* Case No. 2:11-CV-00871 JLR; (3) clearly explain why you object to the Settlement, including the factual and legal grounds for the position; (4) set forth the names and a summary of testimony of any witnesses that you might want to call in connection with the Objection; (5) provide copies of all documents that you wish to submit in support of your position; (6) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; (7) state the name, court, and docket number of every class action litigation in which you and/or your attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection; and (8) include your signature. If you appear through your own attorney, you are responsible for paying that attorney.

If you submit an Objection, you may appear personally or through an attorney, at your own expense, at the Final Fairness Hearing to present your objection directly to the Court. Objecting Class Members, or their attorneys, intending to make an appearance and speak to the Court at the Final Fairness Hearing must file with the Clerk of the Court at the address noted above a notice of their intention to appear at the Final Fairness Hearing and serve a copy of the notice on Class Counsel and Defendant's Counsel at the address below by no later than _____, 2015 [Thirty (30) days prior to Final Approval and Fairness Hearing]:

> Tana Lin
> KELLER ROHRBACK L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, Washington 98101
>
> and
>
> Daniel L. Thieme
> LITTLER MENDELSON, PC
> One Union Square
> 600 University Street, Suite 3200
> Seattle, WA 98101

Class Members who object must make themselves available for deposition by Class Counsel and/or Defendant's counsel, so the objection must also include two weekday non-holiday dates between seven (7) and twenty-one (21) days prior to [insert date], the day of the Final Fairness Hearing when the objecting Class Member will be available to present for his/her deposition.

If you object to the Settlement, you will remain a member of the Class and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way and to the same extent as a Class Member who does not object. Any member of the Class who does not make and serve his or her written Objections in the manner provided above shall be deemed

NOTICE OF PENDENCY OF CLASS ACTION; PROPOSED SETTLEMENT; AND HEARING

to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement. Any member of the Class who is satisfied with the proposed Settlement need not appear at the Final Fairness Hearing.

**Objecting is different from excluding yourself. If you object, you remain in the Settlement. If you exclude yourself, you will not remain in the Settlement and cannot object. If you try to both object and exclude yourself, you will be deemed excluded from the Settlement.**

4. <u>Do Nothing</u>:

You can decide to do nothing in response to this Notice. If you choose to do nothing, you will receive an Individual Payment in the amount of One Hundred Dollars ($100.00). You will be bound by the Release and all other terms of the Settlement.

### FINAL FAIRNESS HEARING

The Court will hold a Fairness Hearing at ▓▓▓ on ▓▓▓▓▓▓▓, 2015, at the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington 98101, in Courtroom ▓▓▓. At this hearing, the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court also will be asked to approve Class Counsel's requests for attorneys' fees and costs, the Settlement Administrator's costs, and the Service Awards to the Named Plaintiffs.

The hearing may be continued without further notice. It is not necessary for you to appear at this hearing unless you wish to argue an objection.

### EXAMINATION OF PLEADINGS AND PAPERS / ADDITIONAL INFORMATION

This Notice does not contain all of the terms of the proposed Settlement or all of the details of the underlying Lawsuit. For more detailed information, you are advised to refer to the Lawsuit documents on file with the Court. This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States Courthouse, 700 Stewart St, Seattle, Washington 98101.

Additionally, if you have questions about this Notice, or want additional information, you can visit www.▓▓▓.com or call 1-xxx-xxx-xxxx or contact Class Counsel: Tana Lin, Keller Rohrback LLP., 1201 Third Avenue, Suite 3200, Seattle, Washington 98101, Tel: 800-295-8427, email TBD***.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIMS PROCESS.**